273 P.2d 185

**DEVERAUX v. BROWN (two cases).**

Nos. 8055, 8056.

Supreme Court of Utah.

July 21, 1954.

Gustin, Richards & Mattsson, Salt Lake City, for appellant.

S. E. Blackham, Provo, for respondent.

WADE, Justice.

■ Respondents urge a rehearing largely because they claim that the court in the original opinion overlooked the fact that the juvenile court cannot "absolutely and permanently deprive" a natural parent of the custody of his child. There are a number of sections of our statutes which provide in substance that any order of the juvenile court depriving a parent of the custody of his child may be revoked or modified and the custody and control of such child returned to the parent on a showing of changed conditions which require such return of custody in the interest of the child's welfare.[1] That such is the law we have no doubt, and in using the terms "absolutely and permanently deprive" in the original opinion we fully appreciated that to this extent they were not strictly accurate. Those terms were taken from divorce cases where the award of the custody of the children are always subject to modification upon a showing of changes in conditions which require a change in custody in the interest of the children's welfare. The same is true of habeas corpus proceedings involving the custody of the children. Probably the only possible way that a parent can be absolutely and permanently deprived of the custody of his child is by adoption. In view of this situation and respondents' argument we feel that a clarification is in order.

■■ The juvenile court is given large powers over the control of children who come under its jurisdiction and their relationship with their parents. Yet there is no requirement that the judge of such court be trained in law, domestic relations or child training or that any members of his staff be so trained. There is no provision made for the keeping of a record of the testimony adduced on the hearings before such court or of the interviews between the court or its staff and the child or its parents. The proceedings are informal and many of the court's orders are made to meet an immediate emergency and the child or its parents seldom have the benefit of counsel.[2] The court is given broad and comprehensive latitude and discretion in determining the custody of the child and its orders may range from mere temporary custody pending an investigation or hearing or to meet a temporary emergency, to an order intended to permanently deprive the parent of the custody of his child by committing the child to the custody of a child placement society to be placed in a family for adoption with-

---

1. See section 55-10-31, 41 and 44, U.C.A. 1953.

2. See sections 55-10-26 and 30, U.C.A. 1953.

out the consent of the parents.[3] Certainly the legislature did not intend that an order of the juvenile court which was intended only to temporarily deprive the parent of the child's custody should have the effect of allowing the adoption of such child without its parent's consent. We will try to point out the nature and kind of order or judgment necessary to have that effect.

Our statutes provide only three conditions under which an illegitimate child can be adopted without the consent of its mother, if alive, or of a legitimate child without the consent of both of its parents, if they are living: (1) where such parent has been judicially deprived of the custody of the child on account of cruelty, neglect or desertion, (2) where such parent has in writing released his right to the custody or control of such child to a child placement society and such society consents in writing to the adoption, and (3) where a child is deserted by its surviving parents or parent and has no legal guardian.[4] In the second case no notice to the parent is required, in the third the court must give such notice as it deems most likely to reach the parents or kindred of such child. The third condition throws no light on our problem and will not be further considered. If this adoption can occur without the consent of the mother it is under the first condition but this condition is related to the second condition and the effect of the two will be discussed together.

Sections 55–10–42 and 43 U.C.A.1953, deal with the first and second conditions. Section 42 provides that:

"No parent or guardian or other person, who by instrument of writing surrenders, or has surrendered heretofore, the custody of a child to any children's aid society or institution, shall thereafter, contrary to the terms of such instrument, be entitled to custody or control or authority over, or any right to interfere with, any such child, and these same conditions shall prevail where the child is or has been delivered to a children's aid society or institution by the action of any proper court."

By the provision "contrary to the terms of such instrument" this statute indicates that the instrument surrendering the right of custody of such child may also expressly provide that thereafter the child can be adopted without the consent of such parent, and that the same is true of a court order which awards custody of the child to a children's aid society for placement in a family for adoption. If the court did order that the child be placed for adoption by a child placement society and that the consent thereto of the surviving parents or parent would not be required, the first condition provided for in section 78–30–4, U.C.A. 1953, would thereby be fully complied with for this would as permanently deprive the parent of the custody of the child as the

3. See sections 55–10–20, 21, 22, 30, 32, 40, 41, 42, 43, 44, and 48.

4. Section 78–30–4 and 5, U.C.A. 1953.

338

juvenile court can order. Under such circumstances the court has full opportunity to weigh and consider the full effect of its order.

 Under section 55–10–43 if a child placement society secures a suitable home for the legal adoption of a child placed in its care by the court it is required to report such matter to the court. Whereupon the court after affording the parents full opportunity to be heard on that question and upon such other evidence as it deems necessary may then change its original order and make the deprivation permanent so that the adoption may be had without the consent of the parents and authorize such society to secure for such child legal adoption into such family. This also would fully comply with all of the requirements of the first condition under which a child may be adopted without the consent of its natural parents, if living. Any order or decree made by the juvenile court concerning the custody of a child would not have the effect of allowing such child to be adopted without the consent of its surviving parents or parent, unless it appears on the face of such order or decree that the court has fully considered this proposition and intended that such should be its effect. Otherwise such order or decree does not absolutely and permanently deprive such parent of the custody of his child as those terms were used in the original opinion.

The petition for a rehearing is denied.

McDONOUGH, C. J., CROCKETT, J., and JONES, District Judge, concur.

HENRIOD, J., concurs in the denial of the petition for rehearing.