432 P.2d 881

**In the Matter of the ADOPTION of Lonny Lea JAMESON and Julie Rae Jameson, Minors,**

**Arthur Lea Jameson, Appellant,**

**Peggy Arlene Marshall Jameson, Respondent.**

No. 10809.

Supreme Court of Utah.

Oct. 25, 1967.

Mitsunaga & Ross, Galen Ross, Salt Lake City, for appellant.

William G. Shelton, Salt Lake City, for respondent.

TUCKETT, Justice:

Appellants Arthur Lea Jameson and his present wife, Sharon Jameson, joined in the petition in the court below for the adoption

of Lonny Lea and Julie Rae Jameson, the issue of Arthur Lea Jameson and his former wife, Peggy Arlene Jameson, the respondent. The court denied the petition.

During the marriage of Arthur Lea Jameson and Peggy Arlene Jameson the children, Lonny Lea and Julie Rae, were born. The marriage between Arthur and Peggy ended in divorce in 1963. The children of the marriage were awarded the father, Arthur Lea Jameson. After the divorce the children were placed in the care of Lois Marshall Knight, an aunt of Peggy Arlene Marshall Jameson. On August 21, 1965, Arthur Lea Jameson married Sharon Jameson, and in June of the following year they took the children into their home.

After the divorce Peggy Jameson visited with the children for brief periods on various occasions. During the year 1965 she had the children for a period of approximately 30 days. Peggy also sent gifts to the children.

After the divorce in 1963 the respondent Peggy Arlene Marshall Jameson was charged with issuing a fraudulent check in the State of Idaho. The court placed Peggy on probation conditioned upon her future good behavior. At a later time while in the State of Utah Peggy was charged with and found guilty of a similar offense and was sentenced to prison by the Utah court for an indeterminate period.

The petitioners Arthur Lea Jameson and Sharon Jameson requested the court to find that the children here involved had been abandoned by Peggy Arlene Jameson pursuant to the provisions of Section 78–30–4, U.C.A.1953. Under the provisions of that statute a child who has been deserted by its parent or parents may be adopted without the consent of such parent.

Appellants now contend that the court should re-examine its former decisions which are to the effect that in these matters a finding of desertion must be based upon clear and indisputable evidence of an intention to abandon the child in question.[1] Appellants contend that Peggy, having committed a second felony knowing full well that she may be incarcerated therefor, did in effect forsake the children.[2]

Adoption proceedings are statutory in nature and we are not inclined to give the statute a meaning not intended by the Legislature. We are of the opinion that the Legislature in using the word "desert" meant to give it its ordinary meaning. We believe and so hold that the language of the statute means an intentional abandonment

1. Deveraux' Adoption v. Brown, 2 Utah 2d 30, 268 P.2d 995; also 2 Utah 2d 334, 273 P.2d 185; In re Adoption of Walton, 123 Utah 380, 259 P.2d 881.

2. 35 A.L.R.2d 693.

of the child rather than a separation due to misfortune or misconduct.

The decision of the court below is affirmed. Costs to the respondent.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.