KEITH ALAN MURPHY, JENNIFER LYNN MURPHY v. JERRY__ WAYNE VANDERVER.

[No. 1-276A25. Filed June 23, 1976.]

*John D. Clouse,* of Evansville, for appellants.

*Stephen C. Haas,* of Evansville, for appellee.

ROBERTSON, C.J.—The trial court denied the petition of the Murphys, the natural mother and her second husband, for the adoption of a minor child. Vanderver, the natural father who resisted the adoption, is the mother's first husband. We affirm the denial.

The adoption petition, filed on January 13, 1975, alleged that the consent of the natural father was not required because he had abandoned and deserted the child for a period in excess of six months preceding the filing of the petition by pleading guilty to the crime of rape and serving the sentence thereon. After hearing evidence and taking the matter under advisement, the court denied the petition. The Murphys bring this appeal contending that the court's judgment is contrary to law.

The adoption statute, IC 1971, 31-3-1-6 (Burns Code Ed.) provides as follows:

"(a) Except as otherwise provided in this section, a petition to adopt a minor may be granted only if written consent to adoption has been executed by:

(1) each living parent of a legitimate minor child. . . ."

The statute further provides:

"(g) Consent to adoption is not required of:

(1) a parent or parents if the child is adjudged to have been abandoned or deserted for six [6] months or more immediately preceding the date of the filing of the petition. . . ."

The Murphys contend that the abandonment or desertion requirement was established as a matter of law by the evidence that Vanderver was imprisoned for a period in excess of six months. In other words, the Murphys argue that imprisonment amounts to the statutory abandonment or desertion.

We disagree for the reason that Indiana case law interpreting the adoption statute has held that abandonment is conduct on the part of the parent which shows a "settled purpose to forego all parental duties and relinquish all parental claims to the child." *Emmons v. Dinelli* (1955), 235 Ind. 249, 259, 133 N.E.2d 56, 60; *See also: In re Adoption of Force* (1955), 126 Ind.App. 156, 131 N.E.2d 157. In the case of *In re Adoption of Jameson* (1967), 20 Utah 2d 53, 432 P.2d 881, the same contention was raised, and the court held that a mother sentenced to prison had not deserted her child so as to permit its adoption. The court stated:

"We believe and so hold that the language of the statute means an intentional abandonment of the child rather than a separation due to misfortune or misconduct." 432 P.2d at 882.

We hold that imprisonment of a parent, standing alone, does not establish, as a matter of law, an abandonment or desertion so as to allow an adoption without that parent's consent.

Judgment affirmed.

Lybrook, J., concurs; Garrard, J., participating by designation, concurs.

NOTE.—Reported at 349 N.E.2d 202.