**STATE of Utah in Interest of Everett Don TOM et al.**

**Earl and Wallea BAKER, Petitioners,**

v.

**Delton and Sandra TOM, Respondents.**

**No. 14273.**

Supreme Court of Utah.
Oct. 14, 1976.

Kathryn Collard of O'Connell & Stansfield, Salt Lake City, for petitioners.

Vernon B. Romney, Atty. Gen., Paul M. Tinker, Asst. Atty. Gen., Salt Lake City, for the State.

Milton J. Harmon, County Atty., Nephi, for respondents.

CROCKETT, Justice:

The petitioners Baker appeal from decree of the Third District Juvenile Court (Juab County) awarding custody of three minor children, Everett Don, aged eight, Darla Janae, aged six, and Joel Reed, aged four, to their maternal uncle and aunt, Delton and Sandra Tom.

Petitioners, Earl and Wallea Baker, contend first that the juvenile court lacked jurisdiction; secondly, that because the respondents Tom were not parents of the children they had no standing to challenge the petitioners' custody; and thirdly, that the court erred in allowing the County Attorney to participate in the proceedings.

The children were born to Eldon and Donna May Pikyavit on the Moapa Indian Reservation in Moapa, Nevada. Their father died in August of 1973 and their mother died in September of 1974. The children then lived with the respondents, Delton and Sandra Tom, and the grandmother, Mrs. Ethel Tom. The petitioners Baker, who are also uncle and aunt to the children, in reliance on rumors that the children were in want and not being properly cared for, went to the Moapa Reservation in October of 1974, and picked up the children and brought them back to their home in Juab County.

The Bakers then filed a petition in the Second District Juvenile Court in Salt Lake County, for custody of the children and obtained a temporary order to that effect. The Toms then appeared and asserted their claim of custody. Upon ascertaining the residence of the parties and that the proper venue was in Juab County, the court requested the Juab County Attorney, Mr. Milton Harmon, to participate in the

proceedings to determine the proper disposition as to the children's custody.

An initial hearing was held on April 15, 1975, with the Tom family and the Bakers present. Witnesses were called and examined by Mr. Harmon and by the Bakers' attorney. At the close of the hearing, the court took under advisement motions made by the Bakers, and ordered that investigations be made of the homes of both the Bakers and the Toms and reports made to the court. After this was done a second hearing was held on July 15, 1975. Pursuant thereto the court made findings in favor of the Toms: that the interest and welfare of the children would be best served by awarding them custody.

■ The gravamen of the petitioners' contention that the court lacked jurisdiction is that the supplemental petition filed in Juab County did not allege any change of circumstances after the entry of the order placing temporary custody of the children with them. In support thereof, they cite Section 55–10–108, U.C.A.1953. We do not see merit in that contention. That statute does not apply until there has been a final determination and decree of custody. That is not the situation here. Rather, the applicable statute is Section 55–10–85, U.C.A.1953, which provides in part:

When a child resides outside the court district in which a petition has been filed . . . the court may, in its discretion, transfer the case to the court of the district in which the child resides; . . . [and] shall transmit all documents and legal and social records . . . to the receiving court, whereupon the receiving court shall proceed with the case as if the petition has been originally filed . . . in that court.

■ Thus, in accordance with that statute, the transfer of the case from the Second District Juvenile Court (Salt Lake County) to the Third District Juvenile Court (Juab County) conferred jurisdiction upon the latter court as if the petition had originally been filed there.

■ The petitioners' second attack upon the judgment that because the respondents Tom are not the parents of the children, they have no standing to assert a claim to their custody, nor to challenge the petitioners' right thereto is likewise without merit. We have but recently had occasion to observe that when children become parentless, the next of kin have a recognizable and legitimate interest in them which should be given due consideration by the court, in determining what is best for their welfare.[1]

■■ The justification for the involvement and the conduct of the Juab County Attorney in these proceedings is found in our statutes. Section 17–18–1(7), U.C.A. 1953, provides that he shall:

At the request of the judge of the juvenile court, appear in the juvenile court to . . . represent the state in any proceeding pending before it where any rights to the custody of any juvenile are asserted by any third person, . . .[2]

The conduct of the county attorney and the extent of his involvement in such a proceeding is subject to the discretion and control of the court. Although the petitioners indicate their belief that the county attorney was acting adverse to their interests, neither the juvenile court nor we are so persuaded. Rather it appears that his conduct was in accordance with the duties and prerogatives given him under the statute of exploring the problem as to the proper placement of these children.

■ In addition to what has been said it is appropriate to observe that this proceeding in regard to the custody of children is equitable, and that the rules of

1. *Wilson v. Family Services*, Utah, 554 P.2d 227, filed August 24, 1976, and cases cited therein; *Jennings v. Jennings*, 32 Ill.App. 3d 857, 336 N.E.2d 786.

2. See also statutory duties of County Attorney, Sections 55–10–96 and 55–10–83, U.C.A. 1953.

review in equity apply.[3] Accordingly, due to the trial court's prerogatives and its advantaged position, it is allowed considerable latitude of discretion; and its findings and judgment will not be disturbed unless it clearly appears that it has abused its discretion, or has acted not in conformity with law.[4] Without burdening this decision with the detail thereof, it can be said with assurance that upon a comparison of the alternatives, there is a reasonable basis in the evidence to justify the court's findings: that the children's uncle and aunt, respondents Delton and Sandra Tom, are proper custodial parents who have a suitable home wherein the children's best interest and welfare will be served.

Affirmed. No costs awarded.

ELLETT and MAUGHAN, JJ., and THORNLEY K. SWAN, District Judge, concur.

HENRIOD, C. J., concurs in result.

3. This is true whether the proceeding is in the district court or in the juvenile court, see *State v. Dade,* 14 Utah 2d 47, 376 P.2d 948.

4. *State in Interest of K—— B——,* 7 Utah 2d 398, 326 P.2d 395; *Deveraux v. Brown,* 2 Utah 2d 334, 273 P.2d 185, 186.