**James DOUGLAS, Plaintiff,**

v.

**John ASHCROFT, Ken Salazar, and Vincent Rahaman, Defendants.**

**No. CIV.A. 02–K–1296.**

United States District Court, D. Colorado.

Aug. 13, 2002.

James Douglas, Colorado Springs, CO, pro se.

Wade Scott Livingston, Atty. General's Office, Denver, CO, for Ken Salazar.

## ORDER GRANTING MOTIONS TO DISMISS

KANE, Senior District Judge.

*Pro se* Plaintiff James Douglas filed this action in federal court after his ex-wife initiated child custody and visitation proceedings against him in El Paso County, Colorado. The proceedings appear to be based, in part, on the Hague Convention on International Child Abduction (the "Hague Convention"), 51 Fed.Reg. 10494 (1986), as adopted and implemented by Congress in the International Child Abduction Remedies Act, 42 U.S.C. § 11601–

09 ("ICARA"). Douglas's complaint, entitled "Counterclaim and libel of review—in admiralty—Re: false claims in the original estate," appears to be a reaction to the state court proceedings and in particular to an order he received from the state court appointing a child legal representative or special advocate for his child pursuant to Colo.Rev.Stat. § 14–10–116. Counterclaim at p. 1. Douglas purports to have "refused" that Order "for cause," on grounds that the Convention does not apply to him, implying, I assume, that the state court was without jurisdiction to issue it. Douglas names U.S. Attorney General John Ashcroft, Secretary of State Colin Powell, Colorado Attorney General Ken Salazar and his ex-wife's attorney in the state court proceedings, Vincent Rahaman, as Defendants. The matter is before me on the motions of Defendants Salazar and Rahaman to dismiss.[1]

Plaintiff's position, while not at all clear from the vitriolic missives he has filed to date, appears to be that, by relying on "international treaties to which [he] has neither signed or expressed approbation for," the governmental and individual actors in the state court proceedings are "foreign agents" who are attempting both "to kidnap his son, Andrew James" and "to 'buffalo' [Plaintiff] into submission to a foreign law system." Plaintiff claims the service upon him of the Order to Appoint Child Legal Representative constitutes a "threat of kidnap" without "first filing claim and getting judgment in the appropriate district court, the District of Colorado," and states that any "second offense" in this regard will be taken as "evidence of false claims" and will result in the clerk of this court "immediately issuing arrest warrants for the defendant's [sic] to be taken into custody for the violations of law." "Counterclaim," at p. 5. To the extent this is a request for relief from this court to issue arrest warrants against state and local officials or attorneys if they proceed with the state court action, the request surely states no viable claim for relief. *See P. Edward A. By and Through Nolan v. Williams*, 696 F.Supp. 1432, 1435 (D.Utah 1988)(citing *Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) and discussing principles surrounding federal courts' reluctance to enjoin, much less criminalize, state family law proceedings).

Neither the "remedy" sought by Douglas nor the basis for it finds any support in federal law.

The action is filed in federal court under "admiralty jurisdiction," ostensibly because such action constitutes an "inland seizure" or "forfeiture" over which federal courts have exclusive jurisdiction. *See* "Counterclaim," at p. 1 Attorney General Ashcroft and Secretary of State Powell appear to have been named in the federal action based on their perceived hand in adopting, or responsibility for enforcing, the Hague Convention. Plaintiff's fundamental misapprehension of jurisdictional issues clouds his entire analysis: Simply put, there is no basis for this court to exercise jurisdiction over Plaintiff's claims,

---

1. For reasons not entirely clear, Plaintiff has taken issue both with his identification in Defendants' motions and court documents as a litigant "pro se" and with the use of all capital letters to type his name in the case caption. Accordingly, he has refused to accept Salazar's Motion to Dismiss or the court's Minute Orders directing him to respond and has returned them, marked "Refusal for Cause, Returned to Presenter," to the court. His action has no bearing on the pendency of Salazar's Motion, which will be deemed submitted as filed with no response from Plaintiff. Plaintiff did file a response to Defendant Rahaman's Motion to Dismiss, and that Motion is now ripe for determination as well.

and no basis, in law, for the claims asserted even were jurisdiction to exist.

The Hague Convention was established at The Hague, Netherlands, on October 25, 1980. The United States ratified the Convention on April 29, 1988, and became a "Contracting State" effective July 1, 1988. Executive Order No. 12648, 53 Fed.Reg. 30637 (1988). Also on April 29, 1988, Congress enacted the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601 *et seq.* (1994), to implement the Convention in the United States. *See* 51 Fed.Reg. 10494–10516 (1986) (setting out full text of the Convention and U.S. State Department's legal analysis of the Convention). Under ICARA, the federal and state courts are given concurrent original jurisdiction of actions arising under the Convention. 42 U.S.C. § 11603(a).

■ As a resident of a country that has ratified and is a "Contracting State" under the Convention, the Convention is applicable to Douglas. His assertions to the contrary notwithstanding, the El Paso County District Court does indeed have jurisdiction to implement and apply the Convention. Douglas states no claim for relief from such application in this court.

■ Douglas's contention that the Convention does not apply or that the "Order to Appoint Child Legal Representative or Special Advocate Pursuant to C.R.S. 14–10–116" issued by the state court in the custody proceedings initiated by his ex-wife in El Paso County is subject to "refusal for cause" is without merit. There is no basis in law for the relief requested. Moreover, this court would be without jurisdiction to interfere with, challenge, or disregard the child custody proceedings presently pending against Plaintiff in El Paso County even if there were. The state has the inherent and plenary power to make all laws necessary and proper to preserve the public security, order, health, morality, and justice. It is a fundamental power essential to government, and it cannot be surrendered by the legislature or irrevocably abdicated. This power of a sovereign is called the police power and its exercise does not depend on the consent of those who come within its ambit. The Motions to Dismiss, therefore, are GRANTED.

■ Moreover, the additional defense of immunity is available to each of the named Defendants and would serve to bar Plaintiff's claims even if they were amended to state viable causes of action. Because amendment would be futile, this action is dismissed WITH PREJUDICE. *See Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir.1996) (A complaint may be dismissed with prejudice if amendment would be futile).