IN RE ADOPTION OF SCHOEPPNER.

[Cite as In re Schoeppner (1976), 46 Ohio St. 2d 21.]

(No. 75-748—Decided April 7, 1976.)

*Ms. Rosemary G. Rubin,* for appellant.
*Mr. David T. Tarr,* for appellee.

PAUL W. BROWN, J. Initially, we must determine the sufficiency, pursuant to Civ. R. 52, of the "Ruling" filed prior to the entry of judgment by the trial court.

Civ. R. 52, captioned "Findings by the court," provides, as pertinent:

"An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of

fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule* * *.''

The "Ruling" in question is not entitled "Findings of Fact and Conclusions of Law," and does not contain separate statements of fact and law. The "Ruling" does, however, recite various facts and a legal conclusion. The "Ruling" specifically states, "[f]rom these facts, it is the opinion of the court that * * *." In our judgment, this document sufficiently complies with the mandate of Civ. R. 52, and, when combined with other parts of the record, forms an adequate base upon which to decide the narrow legal issue presented.

Appellant contends that the mere fact of incarceration in a penal institution does not constitute a willful failure to support a child, within the meaning of R. C. 3107.06(B)(4), so as to vitiate the requirement of consent by both natural parents prior to the entry of a decree of adoption.

R. C. 3107.06 provides, in part:

"No final decree or interlocutory order of adoption shall be entered by the probate court unless there is filed with the court written consents to the adoption, verified or acknowledged by the following:

"* * *

"(B) By each of the living parents, adult or minor, except as follows:

"* * *

"(4) If it is alleged in the petition that one or both of the parents have willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition, the court shall cause notice of the filing of said petition and the allegations of such failure to be given such parents, as provided in Sections 2101.26 to 2101.28, inclusive, of the Revised Code. After such notice has been given, the court shall determine the issue as to such failure to properly support and maintain the child. Proof of failure to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition shall be prima facie evidence of willful failure to properly support and

maintain the child. The consent of a parent found by the court to have willfully failed to properly support and maintain the child for such period shall not be required.''

The clear language of the statute supports the assertion of appellant. The statute does not specify imprisonment as an exception to the requirement of consent, nor does it equate imprisonment with the willful failure to properly support and maintain a child. Any exception to the requirement of parental consent must be strictly construed so as to protect the right of natural parents to raise and nurture their children. Thus, although the fact of imprisonment might, when combined with other factors, lend support to a finding of a willful failure to support, *Hennepin County Welfare Board* v. *Staat* (1970), 287 Minn. 501, 178 N. W. 2d 709, it will not constitute such failure as a matter of law. *Jordan* v. *Hancock* (Tex. Civ. App. 1974), 508 S. W. 2d 878.

This view of the matter is in accord with decisions of courts in other jurisdictions. *Staat, supra; Jordan, supra; In re Jameson* (1967), 20 Utah 2d 53, 432 P. 2d 881; *State* v. *Grady* (1962), 231 Ore. 65, 371 P. 2d 68; *Welker's Adoption* (1944), 50 Pa. D. & C. 573. Cf. *Hutson* v. *Haggard* (Tex. Civ. App. 1971), 475 S. W. 2d 330. It is also strengthened by reference to R. C. 3105.01(I), which specifies imprisonment as one of 11 grounds for which a divorce may be granted. R. C. 3107.06(B)(4), at issue here, evinces no comparable expression of legislative intent.

Because "* * * the allegation in an adoption proceeding that a parent 'willfully failed to properly support and maintain' the child raises a question of fact for the determination of the Probate Court," *In re Adoption of Lewis* (1966), 8 Ohio St. 2d 25; *In re Adoption of Biddle* (1958), 168 Ohio St. 209, this cause is remanded to that court for further consideration in light of this opinion.

*Judgment reversed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.