OPINION
Appellant, Ronald Peters, appeals the decision of the Warren County Court of Common Pleas, Probate Division, finding that his consent is not necessary for the adoption of his daughter, Casie Marie Peters, by Ryan McCurley.
Casie is the daughter of Ronald and Teresa McCurley. At the time of Casie's birth in 1992, Ronald and Teresa were married, but they divorced in 1996. Teresa was given custody of Casie, and Ronald was ordered to pay child support. In 1998, Teresa married Ryan.
In January 1998, Ronald was imprisoned for a felony. He was released on parole in October 1998, but he returned to prison in December 1998. During this time, he worked for three weeks at a car dealership, but he was not paid because the dealership went bankrupt. In papers filed in the trial court, Ronald stated that he was charged with a parole violation due to a communication error, but he voluntarily returned to prison so as to not be burdened with parole conditions. In March 1999, Ronald was released from prison. He found employment as a car salesman. Ronald was given visitation with Casie by court order, but exercised his visitation rights on only one occasion.
In September 1999, Ryan petitioned the court to adopt Casie, alleging that Ronald's consent was not necessary because Ronald had failed to support Casie for at least one year prior to the petition. A hearing was held in December 1999 at which Teresa, Ryan, Ronald, Ronald's father, and a Warren County Child Support Enforcement Agency representative testified. At this hearing, it was shown that prior to incarceration Ronald had paid child support, but since being first imprisoned in January 1998 he did not pay child support again until November 1999. Ryan had a $2,000 arrearage which he promised to pay in the future.
The trial court found that Ronald's consent to the adoption of Casie was unnecessary. The trial court found that for the first six months of the year preceding Ryan's petition, Ronald had been incarcerated, which the trial court deemed to be a voluntary act by Ronald which would not justify his failure to support Casie. The trial court found that in the six months after his incarceration leading up to Ryan's petition, Ronald continued to fail to support Casie without justification. Ronald appeals, raising a single assignment of error:
THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE NATURAL FATHER-APPELLANT, RONALD PETERS, IN THE FOLLOWING RESPECTS:
1. THE TRIAL COURT ERRED IN THE INTERPRETATION OF THE LAW AND THE APPLICATION OF THE LAW IN THE PRESENT CASE BY FINDING THAT THE CONSENT OF THE NATURAL FATHER, RONALD PETERS, WAS NOT REQUIRED IN THE ADOPTION REGARDING THE ADOPTION HEREIN AND BY CONSIDERING FACTS AND ALLEGATIONS NOT PRESENTED DURING THE TRIAL HEARING AND THAT ARE NOT CONTAINED IN THE EVIDENCE.
 In his assignment of error, Ronald contends that the trial court erred in finding that he had unjustifiably failed to support Casie in the year prior to Ryan's petition for adoption. Ronald asserts that his incarceration justified his lack of support.
The law regarding when a natural parent's consent to the adoption of his child is not required is well-settled. The issue is governed by R.C. 3107.07, which provides:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 The party seeking to adopt the child need not show both that the parent failed to communicate with and support the child without justifiable cause. Rather, only one of these allegations need be proven. In re Adoption of Bovett (1987), 33 Ohio St.3d 102, 105.
The party petitioning to adopt the child must first demonstrate by clear and convincing evidence that the natural parent has failed to support the child for at least one year and that this failure was without justifiable cause. Id. at paragraph one of the syllabus. Once the petitioning party has made this showing, the natural parent has the burden of providing "some facially justifiable cause for such failure." The ultimate burden of proof remains with the petitioning party. Id. at paragraph two of the syllabus.
When determining the above issues, the probate court should look to the entire duration of the failure to support, rather than a single period within the preceding year. Id. at 106. Thus, the trial court must inquire "whether the [natural] parent's failure to support the child for that period as a whole (and not just a portion thereof) was without justifiable cause." Id. at paragraph three of the syllabus. The probate court's determination that the natural parent has failed to support his child and that there was no justifiable cause for this failure may not be reversed by a reviewing court unless that determination is against the manifest weight of the evidence. Id. at paragraph four of the syllabus.
The interrelation between a failure to support and incarceration was recently discussed in Dallas v. Dotson (1996),113 Ohio App.3d 484, 487-488, appeal dismissed (1997), 77 Ohio St.3d 1515:
 To address the relationship between incarceration and failure to properly support a child, * * * [w]hen [In re Adoption of Schoeppner (1976), 46 Ohio St.2d 21] was decided, the statute required the court to determine "willful" failure to support a child. In the Schoeppner case, the Supreme Court of Ohio found that the fact of incarceration did not constitute a willful failure to support and maintain a child. "The statute does not specify imprisonment as an exception to the requirement of consent, nor does it equate imprisonment with the willful failure to properly support and maintain a child." Nonetheless, the court did not hold that the fact of incarceration automatically justified nonsupport. Rather, the court found that the fact of imprisonment was one of several factors which the court should consider. Consequently, in the present case, the trial court was not bound or required to find that Dotson's incarceration was a justifiable cause for nonsupport. (Citations omitted.)
 The statute no longer requires that the failure to support the child be "willful;" rather, it requires only that the failure to support the child be "without justifiable cause." In any case, even under Schoeppner, imprisonment could lead to a finding of willful failure to support when combined with other factors. 46 Ohio St.2d 21, 24. This is a question of fact to be determined by the trial court. Id.
In the instant case, Ronald asserts that his failure to provide support to Casie was justifiable because he was imprisoned for a significant portion of the year preceding Ryan's petition to adopt Casie. The trial court found otherwise. Since being incarcerated, Ronald failed to pay any child support. Thus, Ryan made the requisite showing that Ronald has failed to support Casie for at least one year preceding the petition for adoption.
Ronald cannot demonstrate that this failure was justified. Although from January 1998 to October 1998 Ronald was imprisoned with potentially little means to pay child support, this fact alone will not justify his failure to support Casie. He was released on parole in October 1998, but in November 1998, he voluntarily chose to return to prison rather than be subject to the conditions of his parole. This vitiates any justification Ronald might otherwise have had for not paying child support.
After his release from prison in March 1999, Ronald did not begin paying child support. Although he claims to have been saving money, he made no attempt to pay any child support until after Ryan had filed his petition to adopt Casie. Ronald did not provide the court with any reason justifying his failure to pay child support. Ronald's assertion that he will pay his child support arrearage in the future is irrelevant to the determination of whether there was justification for his past failure to support Casie. The facts of this case are not akin to those of In reAdoption of Canter (Aug. 20, 1999), Perry App. 98-CA-5, unreported, in which the natural parent continued to make minimal, but recognizable, contributions to her son's maintenance and support.
The trial court's decision finding by clear and convincing evidence that Ronald's failure to provide support to Casie was without justifiable cause was not against the manifest weight of the evidence. The assignment of error is overruled.
WALSH and VALEN, JJ., concur.