OPINION
Appellant Brian Lee Jordan appeals the February 13, 2001 Judgment Entry of the Delaware County Court of Common Pleas, Probate Division, which found appellant's consent to adoption was unnecessary because he had failed, without justifiable cause, to provide maintenance and support for his child as required by R.C. 3107.07(A). Appellee is Daniel M. Maurer.
 STATEMENT OF THE FACTS AND CASE
On March 8, 1994, Heidi M. Mesaros (nka Heidi M. Maurer) gave birth to Akeighla Michelle Jordan. Appellant acknowledged paternity of the child through the Franklin County Child Support Enforcement Agency on February 13, 1996, but Ms. Mesaros and appellant were never married. Ms. Maurer subsequently married appellee Daniel M. Maurer.
In 1998, Ms. Maurer sought to establish child support through the Franklin County Child Support Enforcement Agency (nka Franklin County Department of Jobs and Family Services, hereinafter "FCDJFS"). FCDJFS issued an administrative child support order, effective January 26, 1999, obligating appellant to pay child support in the amount of $45.43 per week.
On February 19, 1999, appellant was incarcerated at the Orient Correctional Facility, where he remained incarcerated until July 16, 2000. On February 29, 2000, while appellant was still incarcerated, Ms. Maurer and her husband, appellee, filed a petition for adoption of the minor child with the Delaware County Probate Court.
The petition alleged appellant's consent to the adoption was not required in that he had failed, without justifiable cause, to provide for the maintenance and support of the minor as required by law for a period of at least one year immediately proceeding the filing of the adoption petition or the placement of the minor in the home of the petitioner.
On January 30, 2001, the trial court conducted a hearing to determine whether appellant's consent to the adoption was necessary. The parties stipulated appellant was in prison from February 19, 1999, to July 16, 2000; the first and only child support order was filed January 26, 1999; and Ms. Maurer and appellee acknowledged parentage of the child on February 13, 1996.
In a February 13, 2001 Judgment Entry, the trial court found appellant's consent to the adoption was not necessary. Specifically, the trial court determined the relevant period of time to examine the issue of maintenance and support of the child would include the period of time from January 1, 1998, to February 29, 2000, a period of more than two years prior to the filing of the petition for adoption. The trial court noted appellant had some visitation with the child in 1998, providing meals, clothes and toys during that period. The trial court noted, although appellant testified he made cash contributions for rent, utilities, and food, he provided no verification to support this testimony. The trial court found the modest contributions to the maintenance and support of the child did not comport with the requirements of R.C. 3107.07(A) to find appellant's consent to be necessary. Accordingly, the trial court found appellant had failed to maintain and support the child without justifiable cause; therefore, his consent to the adoption was unnecessary.
It is from this judgment entry appellant prosecutes his appeal, assigning the following as error:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN LOOKING BEYOND THE ONE YEAR STATUTORY PERIOD TO DETERMINE WHETHER APPELLANT'S FAILURE TO SUPPORT THE MINOR CHILD WAS JUSTIFIED.
 II. THE TRIAL COURT ERRED IN DETERMINING THAT NOMINAL, IN KIND SUPPORT WAS INSUFFICIENT TO REQUIRE A NATURAL PARENT'S CONSENT TO ADOPTION.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
(E) Determination and judgment on appeal.
 The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In his first assignment of error, appellant maintains the trial court erred in looking beyond the one year statutory period to determine whether appellant's failure to support the minor child was justified. Essentially, appellant maintains his incarceration constituted justifiable cause under the applicable law. We agree.
R.C. 3107.07(A) sets forth the circumstances under which a minor child may be adopted by a third party without the consent of a biological parent:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
Pursuant to this statute, a petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause. In re Adoptionof Bovett (1987), 33 Ohio St.3d 102, at syllabus 1. A trial court's finding on the issue of whether a natural parent's failure to provide support for his or her child has been proven by clear and convincing evidence will not be disturbed on appeal unless such finding is against the manifest weight of the evidence. Id. at syllabus 4.
We are aware of guidance from the Supreme Court of Ohio as to R.C.3107.07. The Supreme Court wrote in its syllabus for In re Adoption ofSchoeppner (1976), 46 Ohio St.2d 21:
 The fact of incarceration in a penal institution does not constitute a willful failure to properly support and maintain a child, within the meaning of R.C. 3107.06(B)(4)[1], so as to vitiate the requirement of consent by both natural parents prior to the entry of a decree of adoption.
Id. at syllabus.
Appellant was incarcerated for the entire one year period immediately preceding the date appellee filed the petition for adoption. There is no record indication appellant has other outside sources of income from which support could be paid. Pursuant to the syllabus set forth inSchoeppner, we find appellant's consent was necessary.
Appellant's first assignment of error is sustained.
 II
In his second assignment of error, appellant maintains the trial court erred in determining nominal support was insufficient to require a natural parent's consent to adoption. In light of our resolution of appellant's first assignment of error, we find this assignment to be moot.
The February 13, 2001 Judgment Entry of the Delaware County Court of Common Pleas, Probate Division is reversed. This matter is remanded to the trial court for further proceedings consistent with our opinion and the law.
Hoffman, J., Edwards, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the February 13, 2001 Judgment Entry of the Delaware County Court of Common Pleas, Probate Division is reversed. This matter is remanded to the trial court for further proceedings consistent with our opinion and the law. Costs assessed to appellee.
[1] 3107.07 contains provisions analogous to former 3107.06, repealed by 1976 H 156, eff. 1-1-77. (Editor's note to current version of 3107.07).