OPINION
Petitioner, Jennifer Traub-Plummer, appeals from a judgment of the Probate Court dismissing her petition to adopt Amanda Plummer, a minor child. The following are the relevant facts to which the parties stipulated in the Probate Court proceeding:
 1. Jennifer A. Traub-Plummer filed her Petition for Adoption with this Court on June 28, 2000.
 2. Barry Plummer and JoAnn Plummer, former husband and wife, are the natural parents of Amanda Elizabeth Plummer.
 3. Barry Plummer and Jennifer A. Traub-Plummer were married on June 16, 2000.
 4. Barry Plummer was awarded custody of Amanda Elizabeth Plummer in Montgomery County Common Pleas Court, Domestic Relations Division, Case No. 96DR969, by Entry filed on February 27, 1998.
 5. By Agreed Entry, filed in Case No. 96DR969 on May 21, 1999, JoAnn Plummer agreed to pay child support for Amanda Elizabeth Plummer in the amount of $153.60 per month effective April 1, 1999.
 6. JoAnn Plummer received notification from the Department of Treasury, Financial Management Services, pursuant to a letter dated May 5, 2000, that her income tax refund had been intercepted in the sum of $836.02 and that this sum was being forwarded to the Montgomery County Support Enforcement [A]gency for past due child support. A copy of this notification is admitted as Exhibit A.
 7. The Montgomery County Child Support Enforcement Agency received the sum of $836.02 from the Department of Treasury, Financial Management Services, on August 4, 2000.
 8. The sum of $836.02 represents more than five months child support obligation of JoAnn Plummer.
(Doc. No. 16, p.p. 1-2).
Based on the foregoing facts, the court found that JoAnn Plummer's consent to adopt her minor child, which is required by R.C. 3107.06(A), was not avoided by the provisions of R.C. 3107.07(A) because the $836.02 intercepted from her income tax refund during the year prior to the filing of the petition was support for the child she provided. Absent JoAnn Plummer's consent to the adoption, the court dismissed the petition to adopt that Jennifer Traub-Plummer filed. She then filed a timely notice of appeal to this court.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FINDING THAT PETITIONER DID NOT MEET HER BURDEN OF ESTABLISHING THAT RESPONDENT JOANN PLUMMER FAILED TO SUPPORT AMANDA ELIZABETH PLUMMER FOR ONE YEAR PRIOR TO THE FILING OF THE ADOPTION PETITION.
A petition to adopt a minor child may be granted in this circumstance only when the child's mother consents to the adoption. R.C. 3107.06(A). A natural parent's right to block the adoption of his or her minor child is waived if "the parent has failed without justifiable cause . . . to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding . . . the filing of the adoption petition . . ." R.C.3107.07(A). The section requires proof that the obligor has failed to comply with some express requirement of law. Compliance assumes conduct which, though not wholly voluntary, necessarily involves some volitional act or omission.
The exceptions to the requirement of parental consent which R.C.3107.07(A) provides must be strictly construed so as to protect the right of natural parents to raise and nurture their children. In re Adoption of Schoeppner (1976), 46 Ohio St.2d 21. Further, a party who files a petition for adoption without a natural parent's consent, on the ground that the parent failed to provide for a support and maintenance of the child for more than one year, per R.C. 3107.07(A), bears the burden of proving that exception by clear and convincing evidence. In re Adoption of Sunderhaus (1992), 63 Ohio St.3d 127. Applying these principles, Ohio courts have generally held that any payment, however meager the amount, satisfies the requirement. On the companion provision in R.C. 3107.07(A) concerning communication, we have held that sending a Christmas card is sufficient. In re Adoption of Peshek (June 1, 2001), Champaign App. No. 2001-CA-2, unreported.
Pursuant to title 42 U.S.C. Chapter 7, Subchapter IV-D, Section 664(a), the secretary of the treasury is directed to withhold from any tax refunds payable to an individual who owes past due child support the right to which has been assigned to a state an amount equal to the support due. The secretary is mandated to take that action upon request of a qualified state agency. The state agency is required to notify the obligor of its request to the secretary, who is also required to notify the taxpayer that withholding has been made. The secretary must then pay the amount withheld to the requesting state agency.
Monies paid to satisfy a tax obligation become the property of the taxing entity when it receives them. Likewise, any subsequent refund of an overpayment does not become the property of the taxpayer until it is paid. Therefore, monies which are only payable by the secretary of the treasury to a taxpayer as a refund are a mere expectancy that is subject to the condition of payment, and those monies remain the property of the secretary until they are paid to the taxpayer. The fact that these monies are first intercepted by a state agency pursuant to the foregoing provisions does not operate to make them the taxpayer's property. Rather, by preventing the refund, interception prevents the taxpayer from acquiring any property interest in the refund.
R.C. 3123.81 authorizes the department of job and family services to "work with" the secretary to obtain such monies. The section further provides: "The director of job and family services shall adopt rules in accordance with Chapter 119 of the Revised Code to establish procedures necessary to obtain payments of past due support from federal tax overpayments made to the secretary." The director has adopted such rules, one of which states: "Tax refund offsets shall be considered as collection in the month received by the CSEA." O.A.C. 5101:1-30-776(A).
It is questionable whether a child support obligor can "provide" support for his or her child for purposes of R.C. 3107.07(A) by and through a payment by the secretary of the treasury of monies which, though "payable" to the obligor, are the property of the secretary when they are intercepted by a requesting state agency. The taxpayer/obligor's conduct in that regard is not merely passive; it is nonexistent. The underlying assignment of his right to receive the refund was created by operation of law, not by the taxpayer's volitional act.
The "volitional act" analysis was rejected by the Court of Appeals of Huron County in In re Adoption of Kessler (1993), 87 Ohio App.3d 317. There, an income tax refund was intercepted during the one-year period and the monies were received by the custodial parent within that time. The court rejected an argument that it was not support the natural parent had provided because the payment was involuntary, stating:
 "To hold that a court may terminate parental rights based upon an amorphous notion of the degree of the voluntariness of the support would be to chart a perilous course. Is a court-ordered wage withholding more or less coercive than a court order requiring a parent to establish and maintain a savings account which would be subject to levy? Are either of these orders more voluntary than executing upon a federal income tax refund? If an ex-spouse forecloses on real property based upon arrearages which were reduced to judgment and obtains a large monetary sum, is this not to be considered support for R.C. 3107.07(A) purposes?
 Today, the methods are many and varied for collecting and paying child support. How do we draw the line in determining whether a payment was voluntary, somewhat voluntary, somewhat in-voluntary, or involuntary? The answer is simple: we do not. In this case, during the year immediately preceding the filing of the petition for adoption, appellant's federal income tax refund check of $253.80 was paid to HCCSEA, credited to appellant's account, and transferred by separate check to appellant's former spouse as child support. We find that this payment constitutes support and, therefore, R.C. 3107.07(A) is not activated. The trial court's contrary determination is not supported by the record on review."
Id., at p. 323.
There is a significant difference between the facts before us and those in Kessler. There, the monies were paid to the child support agency, credited to the obligor's account, and received by the child's custodian, all within the one year period before the petition was filed. Here, the monies were intercepted on May 5, 2000, within one year before the petition for adoption was filed on June 28, 2000. However, they were not received by the Montgomery County Child Support Enforcement Agency until August 4, 2000, which was after the petition was filed. If the agency's receipt of the monies was the point in time when support was "provided," then that did not occur within the year before the petition was filed.
The Fifth District Court of Appeals addressed this same distinction in In the Matter of the Adoption of DeLong (Mar. 28, 1997), Richland App. No. 96-CA-96, unreported. The array of dates and events there were much as they are here, and the intercepted monies were not paid until after the petition was filed. The court first noted: "Clearly, a tax refund intercept does constitute support within the meaning of R.C. 3107.07(A)," citing Kessler, supra. We do not necessarily agree with that view. The DeLong court then went on to state:
 Ohio Administrative Code 5101:1-30-776(A) provides that tax refunds shall be considered as collections in the month they are received by CSEA. Appellant argues that the regulations are ambiguous, as OAC 5101:1-29-72
provides that in cases of income withholding, the date of collection is the date on which the income is withheld. We find no ambiguity. OAC 5101:1-30-776 specifically applies to the intercept of a tax refund, and thus, controls. It is undisputed that CSEA did not receive the refund until . . . more than one month after the petition for adoption was filed. Therefore, CSEA did not collect the money until after the petition for adoption was filed. It is undisputed that appellant made no child support payments in accordance with his support order.
Id., at p. 2.
We agree with the view the Fifth District stated in DeLong that an intercepted tax refund, even if it is support for purposes of R.C.3107.07(A), is not provided to the child support enforcement agency that has intercepted it until it is received by the agency or person authorized by law to receive it on the child's behalf.
Therefore, when it is received by the agency only after the petition is filed, and the parent provided no support during the year before the petition was filed, an R.C. 3107.07(A) exception to the consent which R.C. 3107.06 requires is not demonstrated.
Logic as well as the laws of property might cause us to reject the holding in Kessler, supra, and to hold that an intercepted tax refund is not support the taxpayer/obligor has provided. However, on these facts we need not go that far.
The General Assembly has delegated powers to the director of the department of job and family services to adopt rules concerning the intercept of refunds. The director has determined that monies intercepted are considered collected "in the month received by the CSEA." Ohio Adm. Code 5101:1-30-776(A). That provision should be read in pari materia with R.C. 3107.07(A) to determine when such support, if it is support, is provided. This analysis is, we believe, consistent with the admonitions of the Supreme Court discussed above to construe R.C. 3107.07(A) strictly in favor of the natural parent, finding an exception only upon clear and convincing evidence. Schoeppner, supra; Sunderhaus, supra. It also pays due deference to statutory mechanisms the General Assembly has set in place to protect the natural parent's rights, which is a further consideration. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361.
Because the Montgomery County Child Support Enforcement Agency did not receive the monies it had intercepted from JoAnn Plummer's federal income tax refund until August 4, 2000, those monies were not support that she provided for Amanda Plummer during the one year before the petition to adopt Amanda was filed on June 28, 2000. The trial court erred, therefore, when it held that JoAnn Plummer had provided support during that year, and when, in consequence of its finding, the court dismissed the adoption petition because Plummer declined to consent to the adoption. Her consent was not required if, in addition, her failure to provide support during the year prior to the date the petition was filed was "without justifiable cause," R.C. 3107.07(A), an issue the court did not reach.
The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FAILING TO DETERMINE WHETHER OR NOT RESPONDENT JOANN PLUMMER'S FAILURE TO SUPPORT HER CHILD WAS JUSTIFIED.
The court was not required to address that question, having found no failure to provide support. Our reversal of that finding will require the court on remand to determine whether JoAnn Plummer's failure to provide support was justified for purposes of R.C. 3107.07(A). However, on this record the assignment of error is moot.
 Conclusion
Having sustained the first assignment of error, we will reverse the order from which this appeal was taken and remand for further proceedings.
BROGAN, J., concurs. FREDERICK N. YOUNG, dissents: