I respectfully dissent.
The relationship between a parent and a child is a constitutionally protected liberty interest. See In re Adoption of Zschach (1996),75 Ohio St.3d 648, 653. Thus, we must strictly construe any exception to the parental consent requirement for adoption in order to "protect the right of natural parents to raise and nurture their children." In re Adoption of Schoeppner (1976), 46 Ohio St.2d 21, 24, 75 O.O.2d 12, 13.
We are not bound to follow the Fifth District's holding in DeLong, and we should not do so at this time. Instead, I agree with the trial court in this case, and the dissenting opinion in DeLong, that a strict construction of R.C. 3107.07(A) is necessary to protect the interests of the non-consenting parent who is at the threshold of losing parental rights. See, also, In re Adoption of Sunderhaus (1992), 63 Ohio St.3d 127. Accordingly, I would find that support was provided during the one-year period previous to the filing of the petition for adoption, as the seizure of the funds occurred prior to this time.
Furthermore, I fully agree with the Court of Appeals of Huron County that "voluntariness," of whatever degree, should never be considered in analyzing a support issue under R.C. 3107.07(A). Kessler, supra.