OPINION
Shalesha Henderson appeals from an order of the trial court determining that her consent is not required for the adoption of her natural daughter, De'Jah Shakyra De'Shay Stephens. Because there was an order of a court of competent jurisdiction determining that Henderson would not be subject to a child support order until further order of the court, we agree with Henderson that she could not be said to have "failed without justifiable cause to [have provided] for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition," as required by R.C. 3107.07(A) for dispensing with the requirement of parental consent to the adoption. Accordingly, the order of the trial court that Henderson's consent is not required for the adoption is Reversed and Vacated.
 I
In 1995, due to personal and financial difficulties, Henderson entered into an agreement giving legal custody of her minor child to the child's paternal grandparents, Gail and Crawford Pope. The case was assigned to the Montgomery County Common Pleas Court, Juvenile Division. The parties entered into the agreement with the understanding that Henderson would regain custody when she was capable of caring for the child. In 1995, the juvenile court entered an order granting legal custody to the Popes. The order also granted visitation to Henderson. Finally, the order stated that, "there shall be no child support order at this time."
In 1997, the child was returned to Henderson. However, within several days, the child was returned to the Popes. In February, 2000, Henderson filed a motion to regain custody, but the motion was denied by the juvenile court.
In June, 2000, the Popes brought an action seeking to adopt the child, by filing an application for placement for adoption with the Montgomery County Common Pleas Court, Probate Division. The application was based upon the Popes' claim that Henderson had failed to communicate with, or support, the child for a period of one year preceding the filing of the application. Henderson filed an objection thereto. Following a hearing, the probate court found that Henderson had communicated with the child, but that she had failed, without justifiable cause, to provide support for the child. Therefore, the court denied Henderson's objection and granted the Popes' application. From this order Henderson appeals.
 II
Although Henderson sets forth five assignments of error, she only advances argument with regard to two. Since we find one of these issues dispositive, rendering the remaining issues moot, we limit our discussion to the First Assignment of Error, which is as follows:
 THE TRIAL COURT ERRED IN FINDING CLEAR AND CONVINCING EVIDENCE THAT SUPPORTS "WITHOUT JUSTIFIABLE CAUSE" IN GRANTING AN ADOPTION.
We construe Henderson's Assignment of Error as stating that the trial court erred in finding that she had failed to support her child for a period of one year immediately preceding the filing of the Pope's petition for adoption, within the meaning of R.C. 3107.07(A), which provides that a failure to support dispenses with the requirement of parental consent to the child's adoption.
The right of a natural parent to the care and custody of her children is one of the most fundamental in law. This fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished. Santosky v. Kramer (1982), 455 U.S. 745,753-754. Adoption terminates those fundamental rights. R.C.3107.15(A)(1). Accordingly, adoptions are generally not permissible absent the written consent of both parents. R.C. 3107.06.
The exception to this rule applicable to the case at bar is set forth in R.C. 3107.07, which states:
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
Ohio courts have held that "* * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children." In re Schoeppner (1976), 46 Ohio St.2d 21, 24.
Henderson contends that she was not required to support the child, and thus, the failure to do so cannot be used against her. She cites an order issued by the juvenile court specifically directing that "there shall be no child support order at this time." This order is in the record of this appeal. There is no indication in the record before us that the order was ever rescinded or amended. Therefore, Henderson is correct in her assertion that she was not required to pay support to the Popes pursuant to an order of the juvenile court.
The Popes, however, contend that Henderson was required to support her child pursuant to the general support statute found in R.C. 3103.03, which states that a biological parent of a minor child must support that child. They further contend that even though Henderson had given them legal custody of the child, she still had the residual parental duty to support the child pursuant to R.C. 2151.011(B). In support, they cite In re Adoption of Kuhlmann (1994), 99 Ohio App.3d 44.
The facts in Kuhlmann are similar. There, the natural mother of a minor child entered into an agreement giving a friend temporary custody of the child while she "got her life together." Id., at 46. Based upon the agreement, the juvenile court entered an order granting temporary custody to the friend, but the order did not make reference to child support. Id. at 47. Subsequently, the friend filed a petition in probate court seeking to adopt the child, based upon the mother's failure to support the child. The mother objected. Id. The probate court dismissed the petition finding that the mother's failure to support the child was justified, and that the mother's consent was thus required for the adoption. Id., at 46. On appeal, the First District Court of Appeals reversed, holding that in the absence of a court order regarding support, the mother still had the residual duty to support the child pursuant to R.C. 3103.03 and 2151.011(B).
We find Kuhlmann distinguishable. In that case, the juvenile court order did not adjudicate the issue of child support. It neither ordered the payment of child support, nor relieved the mother of that obligation. In the case before us, the juvenile court entered an order specifically relieving Henderson of her duty to support the child. Thus, unlike the order in Kuhlmann, the order of the juvenile court in this case addressed the issue of child support, and determined that Henderson had no obligation to pay child support, at least until further order of the court. This superseded Henderson's statutory duty of support. If, as the Popes argued at the oral argument of this appeal, it was error for the juvenile court to have relieved Henderson, pending further order of that court, of her child support obligation, there was no appeal from that order.
Under a strict construction of the statute, Henderson was not required by law or judicial decree to provide support for the child. Accord, In re Adoption of Thiel (Feb. 23, 1999), Hardin App. No. 6-98-12, unreported; In the Matter of Adoption of Jarvis (Dec. 11, 1996), Summit App. No. 17761, unreported. Any reasonable person construing the effect of the order of the juvenile court would conclude that it absolved Henderson of both her general statutory duty of support as well as any judicially-decreed duty. Therefore, the probate court also erred in finding that Henderson's failure to pay was not justified.
If the Popes are concerned with the issue of support, the proper procedure would be an application for an order of support in the juvenile court. If a support order is entered, and Henderson fails to comply, then a subsequent application for placement for adoption might be appropriate.
Henderson's First Assignment of Error is sustained. Her remaining assignments of error are overruled as moot.
 III
Henderson's First Assignment of Error having been sustained, the order of the probate court determining that Henderson's consent to the adoption is not required is Reversed and Vacated.
YOUNG, J., concurs.