OPINION
This is an appeal from the judgment of the Seneca County Common Pleas Court which allocated parental rights, divided assets and awarded spousal support in an action for divorce by Plaintiff Appellee, Charles Frankhart, against Defendant-Appellant, Debra Frankhart.
On November 8, 1999, Mr. Frankhart filed for divorce in the Domestic Relations Division of the Seneca County Court of Common Pleas. On June 13 and 14, 2000, a hearing was held before Magistrate Randy Hoffman in which testimony was given and evidence was presented. On July 12, 2001, the magistrate issued his written decision. However, the decision failed to designate a residential parent and failed to order child support. On July 26, 2001, Mrs. Frankhart filed a motion for findings of fact and conclusions of law. On the same day, the magistrate filed a supplemental decision which recommended that Mr. Frankhart serve as the residential parent, that Mrs. Frankhart pay $294.05 per month in child support, and that Mrs. Frankhart have liberal visitation with the children. Finding that the magistrate's decision and supplemental decision were adequately explained, the trail court denied Mrs. Frankhart's motion for findings of fact and conclusions of law.
On August 21, 2001, Mrs. Frankhart filed a motion for extension of time to file her objections in order to obtain a transcript. The trial court granted the motion. However, on September 20, 2001, Mrs. Frankhart filed her objections without attaching a transcript. On September 21, 2001, Mr. Frankhart filed a motion to strike the objections of Mrs. Frankhart based on Mrs. Frankhart's failure to attach a transcript to her objections. On September 27, 2001, the trial court granted Mr. Frankhart's motion to strike and also filed the final divorce decree. On October 9, 2001, Mrs. Frankhart filed a motion to set aside or otherwise correct the Divorce Decree. On October 26, 2001, Mrs. Frankhart appealed the September 27, 2001 judgment of the court asserting three assignment of error.
The first assignment of error asserts,
 The trial court erred as a matter of law when it refused to provide Appellant with findings of fact and conclusions of law after the magistrate's decision failed to identify either party as the residential parent.
Upon written request by a party, Civ.R. 52 requires a trial court to make findings of fact and conclusions of law when questions of fact are tried before the court without a jury. Findings of fact and conclusions of law may also be requested under Civ.R. 52 to explain a magistrate's decision. Civ.R. 53(E)(2). Civ.R. 52 provides that "the court shall state in writing the conclusions of fact found separately from the conclusions of law." However, in In re Schoeppner's Adoption (1976), 46 Ohio St.2d 21, the Ohio Supreme Court held that while a trial court's opinion was not entitled "Findings of Fact and Conclusions of Law" and the facts and law were not written separately, the trial court nonetheless complied with Civ.R. 52 as the opinion recited various facts and legal conclusions which together with the other parts of the record formed an adequate basis to decide the legal issue presented. Furthermore, an opinion or decision filed before the judgment entry may be considered when determining whether the objecting party has complied with Civ.R. 52. Civ.R.52
Under this assignment of error, Mrs. Frankhart does not point to any specific portion of the magistrate's opinions, which would warrant further findings of fact or conclusions of law other than the designation of the residential parent and the parent who will pay child support. As the magistrate issued a supplemental decision addressing these issues, we find that the trial court substantially complied with Civ.R. 52 when it overruled Mrs. Frankhart's motion for further findings of fact and conclusions of law. Furthermore, the magistrate's opinions, taken together, recite ample facts and conclusions of law upon which this court could base its decision. See Domestic Linen Supply Laundry Co. v.Kenwood Dealer Group, Inc. (1996), 109 App.3d 312, 328 (finding that the purpose of making separate findings of fact and conclusions of law is to enable a reviewing court to determine the existence of an assigned error). As such, Mrs. Frankhart's first assignment of error is overruled.
In her second assignment of error, Mrs. Frankhart asserts
 The trial court erred as a matter of law when it struck Appellant's objections which were supported by the record and denying Appellant's request for further hearing given the fact that thirteen months had transpired between the time of final hearing.
Civ.R. 53(E)(3)(b) states:
 Objections shall be specific and state with particularity the grounds of objection. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to the fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any findings of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule.
However, Civ.R. 53(E)(3)(b) only requires a transcript when the objecting party challenges factual findings. If the objecting party asserts errors of law alone, the trial court then has a duty to review the magistrate's decision accepting the magistrate's facts as true and applying the magistrate's law to those facts. See Sparks v. Sparks (June 8, 2001), Lucas App. No. L-00-1250, unreported, *5. Accordingly, an appellate court's review where there is no transcript provided is limited to whether the trial court abused its discretion in adopting the magistrate's report. State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730. An abuse of discretion "connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id.
In her objections, Mrs. Frankhart raises an issue regarding three matters: that the passage of one year between the divorce hearing and the magistrate's report should warrant additional evidence regarding the proper placement of the children, that the division of real estate was improper based on the findings apparent from the face of the magistrate's report and that the division of monetary indebtedness was improper. With regard to the latter two issues, she specifically asserts that the Magistrate did not properly calculate the real estate division based upon the magistrate's findings of fact regarding the real estate, which she does challenge, and that the magistrate failed to explain Mr. Frankhart's debts originating from First Bank of Ohio, Tiffin, Ohio. With the exception of the question regarding the bank debt, these assertions do not challenge any factual matters or findings underlying this case, and thus represent questions of law which could have been decided absent any transcript. As such, we find that the trial court abused its discretion in striking all of Mrs. Frankhart's objections solely on the basis that she did not file a transcript. However, Mrs. Frankhart's objections regarding the account number and amount of the debt in the First Bank of Ohio account raise factual issues which cannot be discerned from the magistrate's decisions alone. Thus we find that a transcript was required for the trial court to adequately consider this objection. Consequently, the trial court did not err when it struck this objection for failure to provide a transcript.
Accordingly, Mrs. Frankhart's second assignment of error is sustained as to the objections relating to the parentage and division of real estate issues and overruled as to the objection relating to the indebtedness of Mr. Frankhart. However, we must emphasize that we are sustaining this assignment of error only to the extent that it was error for the trial court to strike the objections for failure to provide a transcript. We do not address the merits of the objections.
Mrs. Frankhart's third assignment of error asserts:
 The trial court erred in failing to correct errors and omissions contained within the decree of divorce.
In this case, Mrs. Frankhart asserts that the magistrate's opinion and the divorce decree are inconsistent regarding the division of personal property. In his July 12, 2001 decision, the magistrate found that
 The items should be divided between the parties in the manner suggested by Plaintiff's exhibit "D" * * *. If this is unsatisfactory, then all items other than those listed as non-marital should be sold at public sale within 90 days of journalization of the decree, and the proceeds, after payment of costs of sale, should be divided equally between the parties. If there are objections the sale should be held. Otherwise, division is preferable.
The trial court adopted the Magistrate's opinion but also stated in its September 27, 2001 entry that
 [T]he items shall be divided in accordance with attached Exhibit "D". Any item not listed on Exhibit "D" that cannot be divided by agreement shall be sold at public sale within 90 days after the journalization of this decree with the proceeds being divided equally between the parties after costs of the sale are deducted.
Despite Mrs. Frankhart's assertions, the magistrate's decision and the divorce decree are not inconsistent in that the magistrate's decision requires marital property listed in Exhibit D to be divided by sale if there are objections to the division in Exhibit D, while the trial court's decree requires items not listed in Exhibit D to be divided by sale. We believe the magistrate's report taken together with the trial court's decree simply provides that property that the Frankhart's have listed in Exhibit D and any other property not listed in Exhibit "D", be divided by agreement where possible and sold for a division of proceeds where such agreement is not possible. As we do not find these orders to be inconsistent, Mrs. Frankhart's third assignment of error is overruled.
Based on the foregoing, the judgment of the trial court is affirmed in part and reversed in part and the cause is remanded to be decided in accordance with this opinion.
Judgment Affirmed in Part and Reversed in Part
HADLEY and WALTERS, J.J., concur.