OPINION
{¶ 1} Respondent-appellant Sarah Johnson appeals the April 15, 2004 Final Decree of Adoption entered by the Guernsey County Court of Common Pleas, Probate Division, which granted petitioner-appellee Rosemary Vaughn's petition for adoption of her stepson, Vincent Dwayne Vaughn.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Vincent Dwayne Vaughn (DOB 4/5/99) is the biological child of appellant and Robert Vaughn ("father"). Father and appellant were never married. Via Judgment Entry filed March 15, 2000, the Guernsey County Court of Common Pleas, Juvenile Division, designated father the residential parent and legal custodian of Vincent. The juvenile court awarded appellant reasonable visitation with the child. Appellant's last visit with Vincent was on his second birthday in 2001.
 {¶ 3} On October 4, 2002, father and petitioner were married. From that point on, Vincent lived with father and petitioner. Petitioner filed a petition for adoption in the Guernsey County Court of Common Pleas, Probate Division, on November 20, 2003, alleging appellant failed without justifiable cause to communicate with Vincent for a period of at least one year preceding the filing of the petition or the placement of Vincent in the home of petitioner.
 {¶ 4} The trial court scheduled a hearing on the petition for January 15, 2004. Appellant was served with notice of the hearing. Appellant appeared before the trial court on the day of the scheduled hearing informed the trial court she would not consent to the adoption, and requested court-appointed counsel. Via Judgment Entry filed January 15, 2004, the trial court continued the hearing until February 4, 2004, and appointed counsel to represent appellant.
 {¶ 5} The testimony at the hearing focused on appellant's lack of communication with Vincent between November 20, 2002, and November 20, 2003, the date of the filing of the petition. The evidence showed father, petitioner, and child were walking one day in the fall of 2003, sometime around the Guernsey County Fair, when appellant approached them. Appellant interacted with Vincent for approximately 10 minutes, and presented the child with a stuffed animal she won at the fair. Petitioner argued this brief, accidental meeting did not constitute a sufficient communication within the purview of R.C. 3107.07 to require appellant's consent to the adoption. The trial court agreed and filed the Final Adoption Decree on April 15, 2004. Appellant requested Findings of Fact and Conclusions of Law, which the trial court filed April 26, 2004.
 {¶ 6} It is from the April 15, 2004 Final Decree of Adoption appellant appeals, raising the following assignments of error:
 {¶ 7} "I. The trial court erred in finding that "Sarah Johnson has never paid any child support for the child" when there was absolutely no evidence presented at trial pertaining to child support.
 {¶ 8} "II. The trial court erred in finding that appellant had failed, without justifiable cause, to provide for the maintenance and support of Vincent Vaughn as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition.
 {¶ 9} "III. The trial court erred in finding that appellant had failed without justifiable cause to communicate with the child for a period of one year preceding the adoption."
 {¶ 10} This appeal is expedited and is being considered pursuant to App. R. 11.2.
 I, II {¶ 11} As petitioner concedes neither party presented evidence at the hearing pertaining to child support, we sustain appellant's first and second assignments of error and find the trial court erred in its finding relative thereto.
 III {¶ 12} In her third assignment of error, appellant maintains the trial court erred in finding she had failed without justifiable cause to communicate with Vincent for a period of one year preceding the filing of the petition.
 {¶ 13} The evidence clearly established appellant communicated with the child during the fall of 2003, sometime around the Guernsey County Fair. The trial court found this brief, accidental meeting was not a sufficient communication to require appellant's consent to the adoption. We disagree.
 {¶ 14} The Ohio Supreme Court has held there must be a complete absence of communication for the one-year period. Inre: Holcomb, 18 Ohio St.3d 361, at paragraph two of the syllabus. The Holcomb Court stated: "Our reading of the statute indicates that the legislature intended to adopt an objective test for analyzing failure of communication `* * * against which probate courts might measure the degree to which a parent must have voluntarily abandoned his parental responsibility as a condition precedent to his having forfeited his parental rights.'In re Adoption of Anthony, supra, 5 Ohio App.3d at 62,449 N.E.2d 511. The legislature purposely avoided the confusion which would necessarily arise from the subjective analysis and application of terms such as failure to communicate meaningfully, substantially, significantly, or regularly. See, In re Adoptionof Hupp, supra, 9 Ohio App.3d at 130, 458 N.E.2d 878. Instead, the legislature opted for certainty. It is not our function to add to this clear legislative language. Rather, we are properly obliged to strictly construe this language to protect the interests of the non-consenting parent who may be subjected to the forfeiture or abandonment of his or her parental rights. Inre Adoption of Peters (1961), 113 Ohio App. 173, 177 N.E.2d 541;In re Adoption of Salisbury, supra; In re Schoeppner (1976),46 Ohio St.2d 21, 24, 345 N.E.2d 608." "The trial court's use of the term `accidental' to characterize the meeting is merely an attempt to subjectively analyze the communication." In reAdoption of Hudnell (1996), 113 Ohio App. 3d 296, 304.
 {¶ 15} Accordingly, we find the trial court erred in finding the "chance encounter" was not a communication within the context of R.C. 3107.07. Although the trial court concluded appellant failed to communicate with Vincent for a period of at least one year immediately proceeding the filing of the adoption petition, the trial court did not focus on whether appellant had failed without justifiable cause to communicate with Vincent for a period of at least one year immediately proceeding "the placement of the minor in the home of the petitioner."
 {¶ 16} In In re: Adoption of Kreyche (1984),15 Ohio St.3d 159, the Ohio Supreme Court stated:
 {¶ 17} "While the marriage of a natural parent may, under proper circumstances, initiate a placement, this court declines to adopt a hard and fast rule that such a marriage automatically, without exception, initiates a placement for adoption purposes pursuant to R.C. 3107.07. First, to adopt such a position fails to acknowledge that there are numerous remarriages where the children are not adopted by the new stepparent. Moreover, being ever mindful that here, as in all custody matters, the paramount concern is the best interest of the child, this court finds that a more flexible approach is warranted. The overriding policy of the best interest of the child can best be effectuated by considering the totality of the circumstances and the facts of each particular case to determine if a placement has in fact occurred.
 {¶ 18} "In making a determination as to whether a placement occurred, a court should consider, among other factors, whether the child was placed in the home by a third-party agency, the welfare department, or by court order; whether the child was placed in the home by a private action; whether the marrying parent had legal custody of the child; and the intent of the parties." Id. at 162.
 {¶ 19} It appears undisputed appellant failed to communicate with Vincent between October 4, 2001, and October 4, 2002, the date father and petition were married. If the date of their marriage constitutes "placement" of Vincent in appellee's home, appellant's consent to the adoption would be unnecessary. Because the trial court failed to address the whether Vincent had been placed in the home of petitioner under R.C. 3107.07, we vacate the judgment and remand the matter for further proceedings.
Hoffman, P.J., Boggins, J. concur.
Farmer, J. dissents.