DECISION AND JUDGMENT
{¶ 1} Appellant appeals a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating her parental rights in two children and awarding permanent custody to a children's services agency. For the reasons that follow, we affirm.
 {¶ 2} Appellant is Candy C, mother of four-year-old Destiny C. and three-year-old Alexia D. Appellee is the Lucas County Children Services Board. *Page 2 
 {¶ 3} In 2005, shortly after Alexia's birth, the child sustained contusions to her abdomen when, according to appellant, she squeezed the infant too hard during an argument between appellant and her mother. Appellee intervened, obtaining an ex parte order granting appellee custody of both children. Alexia was eventually adjudicated abused; Destiny as dependent. The two were placed with a relative while appellant completed parenting classes, anger management classes and a domestic violence group. On March 1, 2007, the children were returned to appellant. Appellee retained protective supervision.
 {¶ 4} On February 10, 2008, appellant brought Alexia to an emergency room with a broken arm. Appellant told the treating physician that she believed the child had sustained the fracture from a fall on some stairs. The treating pediatrician later testified, however, that the type of fracture Alexia sustained was not consistent with a fall such as appellant described. Moreover, the physician noted that Alexia presented with multiple bruises and scratches on her body and extensive hair loss, all of which, according to the pediatrician, were consistent with abuse.
 {¶ 5} Appellant responded that the fracture to Alexia's arm may have occurred a few days earlier when she pulled the child along by the arm to catch a bus. The scratches were from the family cat; the bruises from the fall on the stairs. The pediatrician was not persuaded and notified the police and appellee. The police charged appellant with child endangerment. Appellee instituted the action underlying this appeal. In its complaint, *Page 3 
appellee sought a new adjudication of abuse and dependency and termination of appellant's parental rights.
 {¶ 6} At the hearing on appellant's complaint, the treating pediatrician reiterated his opinion that Alexia's injuries were the result of abuse. According to the pediatrician, some of the bruises on the child's body were inconsistent with a fall. Beyond this, even if the injuries could be explained individually, the collective injuries were too suspicious to be coincidental, especially given Alexia's prior adjudication as abused.
 {¶ 7} Appellee also called appellant's caseworker who testified that she became concerned when appellant permitted a boyfriend to move in with her after he was released from imprisonment on a domestic violence conviction. The victim in that case was appellant. The caseworker testified that, notwithstanding appellant's assurances that the boyfriend had promised not to beat her again, appellant's reunion with him demonstrated that appellant had internalized little from the domestic violence avoidance sessions she had attended.
 {¶ 8} At the conclusion of the adjudicatory hearing, the court found Alexia abused and dependent and Destiny dependent. Following a dispositional hearing, the court found clear and convincing evidence that R.C. 2151.414 (E) (1), (14) and (15) applied with respect to appellant. Following the recommendation of the guardian ad litem, the court terminated appellant's parental rights and awarded permanent custody of the children to appellee. *Page 4 
 {¶ 9} From this judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error:
 {¶ 10} "1.The trial court erred in granting permanent custody to the agency as it failed to show by clear and convincing evidence Ohio Revised Code Sections 2151.414 (E) (1), (14) and (15)"
 {¶ 11} A parent's right to raise his or her children has been characterized as an "* * * essential * * * basic civil right * * *."Stanley v. Illinois (1972), 405 U.S. 645, 651; see, also, Troxel v.Granville (2000), 530 U.S. 57, 65. A parent's right to the custody of his or her child has been deemed "paramount." In re K.H. Slip Opinion No. 2008-Ohio-4825, ¶ 40; In re Hayes (1997), 79 Ohio St.3d 46, 48, citing In re Perales (1977), 52 Ohio St.2d 89, 97. "Permanent termination of parental rights has been described as `the family law equivalent of the death penalty in a criminal case.' Therefore, parents `must be afforded every procedural and substantive protection the law allows.'" In re Hayes at 48, quoting In re Smith (1991),77 Ohio App.3d 1, 16.
 {¶ 12} On review, a judicial decision to terminate parental rights must receive careful scrutiny. The permanent removal of a child from his or her family may be condoned, "* * * only where there is demonstrated an incapacity on the part of the parent to provide adequate parental care, not [because] better parental care * * * can be provided by foster parents or adoptive parents * * *." In re Lay (1987), 43 Ohio App.3d 78; see, also, In re William S. (1996), 75 Ohio St.3d 95, 97, 1996 Ohio 182; R.C. 2151.01(C). Before a court may consider whether a child's best interests may be served by permanent *Page 5 
removal from his or her family, there first must be a demonstration that the parents are "unfit." Quilloin v. Walcott (1978), 434 U.S. 246, 255; see, also, In re Schoeppner (1976), 46 Ohio St.2d 21, 24,345 N.E.2d 608.
 {¶ 13} When a child is not abandoned or orphaned, the Ohio equivalent of parental unfitness is a statutory determination that the child, "* * * cannot be placed with either parent within a reasonable period of time or should not be placed with the parents." R.C. 2151.414(E); In reK.H. at ¶ 42. The statute directs that this threshold conclusion may only be entered if, following a hearing, the court finds clear and convincing evidence that one of the predicate conditions enumerated in R.C. 2151.414(E)(1)-(16) exists. See In re William S., supra, syllabus. Once this finding is properly entered, the court must then determine whether terminating the parent's rights is in the child's best interests. R.C. 2151.414(D). Clear and convincing evidence is that evidence sufficient for the trier of fact to form a firm conviction or belief that the essential statutory elements for a termination of parental rights have been established. In re Tashayla S., 6th Dist. App. No. L-03-1253, 2004 Ohio 896, ¶ 14; Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 14} In this matter, the trial court concluded that appellee had proved that R.C. 2151.414(E)(1), (14) and (15) applied with respect to appellant. The statute provides that the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent if it determines that one of the following conditions exists: *Page 6 
 {¶ 15} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
 {¶ 16} "* * *
 {¶ 17} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 18} "(15) The parent has committed abuse as described in [R.C. 2151.031] against the child or caused or allowed the child to suffer neglect as described in [R.C. 2151.03], and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety."
 {¶ 19} Appellant argues that there is simply insufficient evidence to prove that Alexia was abused. Any conclusion as to the manner in which the child sustained her *Page 7 
fracture is purely speculative, appellant insists. Toddlers have been known to "terrorize" household cats, so the presence of scratches should not be suspect. No one knows how Alexia acquired the bruises on her body and there are an infinite number of alternative explanations for the bruises which do not implicate abuse or the sufferance of abuse by appellant. For these reasons, appellant insists that the findings pursuant to R.C. 2151.414(E)(14) and (15) were improper.
 {¶ 20} With respect to the R.C. 2151.414(E)(1) finding, appellant directs our attention to In the Matter of James C. (Aug. 20, 1999), 6th Dist. No L-98-1258, for the proposition that this finding is unavailable when termination of rights is sought on an original disposition. Appellant argues that this section demands an opportunity for a parent to remedy the conditions that caused the child to be removed from the home and that when permanent custody is sought in an initial complaint, no such opportunity is afforded. Consequently, appellant maintains, an (E)(1) finding is inappropriate here.
 {¶ 21} James C. and his siblings had been twice removed from their parent's home and twice adjudicated dependent and neglected. In both of these incidents, however, the mother of these children completed to the satisfaction of appellee agency a case plan that resulted in reunification and discontinuance of agency supervision. When the children were removed for a third time, appellee agency's complaint requested permanent custody from the outset. Since the goal of the litigation was the termination of the parents' rights, the agency developed no case plan and provided no services for James C's parents. Nevertheless, the James C. court found that R.C. 2151.414(E)(1) was applicable. *Page 8 
 {¶ 22} On review, we reversed with respect to the finding. Following our prior decisions in In re Brandon O. (Jan.31, 1997), 6th Dist. No. L-96-115 and In the Matter of Mark H. (Apr. 30, 1999), 6th Dist. No. L-98-1238, we held that R.C. 2151.414(E)(1) requires the agency to provide both a case plan and time to remedy the cause of the children's removal from the home. "[W]hen there was no case plan nor time for appellant to correct the situation which caused the removal of her children before the agency filed for permanent custody," it is error to find that R.C. 2151.414(E)(1) has been proven. "[A]n agency need not give every parent an opportunity to correct the situation that caused the removal of their children; but, if the agency seeks to argue that the parent did not rectify the causes for removal, then it must have given the parent a case plan and opportunity to do so." James C., supra.
 {¶ 23} In this matter, appellee argues that these cases are distinguishable because the agency retained protective supervision after Alexia and Destiny were reunited with their mother. Thus, according to appellee, since the children were removed for abuse in the earlier cases and appellee provided services in those cases, that should count here. It is obvious, appellee insists, that since the same type of behavior toward the children precipitated their most recent removal from their mother's care as the prior times, the case plan and services provided in the earlier instances were ineffective and further services would be futile.
 {¶ 24} Appellee's argument is not wholly without merit. Nevertheless, while we may be accused of elevating form over substance, these are separate and distinct cases. *Page 9 
Treating this as a vague continuation of another matter invites confusion of issues and evidentiary challenges. As an example, in this matter, although there was hearing testimony about prior services, no case plan from these earlier efforts is contained in this record. Such an omission may make adjudication problematic and review difficult.
 {¶ 25} In our view then, when there is a new and independent complaint that requests an initial disposition of permanent custody, reliance on the R.C. 2151.414(E)(1) factor is error. Accordingly, to the extent that the trial court found an (E)(1) factor, this determination is erroneous.
 {¶ 26} Notwithstanding this conclusion, the trial court's final disposition must be affirmed. A proper finding of any one of the R.C. 2151.414(E) factors is sufficient to sustain a conclusion that the children cannot now, or in a reasonable time, be reunited. Here the trial court found that both (E)(14) and (15) applied.
 {¶ 27} In essence, the court found that appellant either abused Alexia or permitted someone else to abuse Alexia. Given the prior abuse adjudication and the multiplicity of Alexia's present injuries, there is sufficient competent, credible evidence by which the court could have formed a firm belief that Alexia was abused and that appellant was the abuser. The finding of dependency for Destiny follows as a matter of course. Accordingly, the trial court did not err in awarding permanent custody of these children to appellee. Appellant's sole assignment of error is not well-taken.
 {¶ 28} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of *Page 10 
this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1