OPINION
{¶ 1} Appellant L. H. appeals from an order of the Greene County Common Pleas Court, Probate Division, finding that his consent is not necessary with regard to the adoption of his natural daughter. L. H. contends that the trial court's order is against the manifest weight of the evidence. *Page 2 
 {¶ 2} We conclude that L. H.'s claimed error cannot be demonstrated on the record, which does not include a complete transcript of the hearing below. Therefore, we must presume that the judgment of the trial court is correct. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} L. H. is the putative father of J.N.C., aka N.J.G., who was born on February 7, 2007, to R.C.L. H. was not listed on the birth certificate. On February 10, 2007, R.C. signed a permanent surrender of the child. On February 12 an agreement granting permanent custody of the child to Adoption Link, Inc. for the purpose of placing the child for adoption was approved by the Greene County Common Pleas Court, Juvenile Division.
 {¶ 4} Thereafter, the Gs filed a petition for adoption of the child with the Greene County Common Pleas Court, Probate Division. L. H., who had registered with the Ohio Putative Father Registry, was properly notified of the adoption proceedings to which he timely filed an objection. A hearing was held on the issue of whether L. H.'s consent was needed for the adoption.
 {¶ 5} Following the hearing, the trial court entered a judgment in which it determined that L. H.'s consent was not needed for the adoption to proceed. The trial court's decision was based upon its finding that L. H. had wilfully abandoned the birth mother. The trial court found that "[L. H.] provided no support for the mother during her pregnancy and up to the time of her surrender of the minor. He did not earn much money, but he could have provided some economic assistance to her and her mother." *Page 3 
From this judgment, L. H. appeals.
 II {¶ 6} L. H.'s sole assignment of error states as follows:
 {¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT [L. H.'s] CONSENT FOR ADOPTION WAS UNNECESSARY. THE COURT'S FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} L. H. contends that the evidence in the record does not support the trial court's finding that he wilfully abandoned the mother of his child. He argues that the trial court therefore concluded erroneously that his consent for adoption of the child by the Gs was not necessary.
 {¶ 9} Initially, we note that "a parent has a fundamental right to care for and have custody of his or her child." In re K.C, Montgomery App. 22243, 2008-Ohio-2593, ¶ 10, citing In re Schaeffer Children
(1993), 85 Ohio App.3d 683, 689. In Ohio, a putative father, such as L. H., must consent to any adoption, except that such consent is not necessary if he has willfully abandoned the mother of the minor during her pregnancy and up to the time of her surrender of the minor. R.C. 3107.06(F) and 3107.07(B)(2)(c). Since adoption terminates this fundamental right, "[a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children." In reSchoeppner (1976), 46 Ohio St.2d 21, 24.
 {¶ 10} Thus, in order to negate any consent requirement, the Gs must demonstrate by clear and convincing evidence that L. H. willfully abandoned R.C. In re *Page 4 Adoption of Hart (1989), 62 Ohio App.3d 544, 552. Whether the Gs have proved, by clear and convincing evidence, the existence of the exception to the consent requirement is a determination for the trial court, and will not be disturbed on appeal unless the decision is against the manifest weight of the evidence. Id. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 281. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 12, paragraph one of the syllabus.
 {¶ 11} At first glance, it would appear that L. H.'s argument might have merit. There is testimony in the record, albeit L. H.'s own, that he provided some non-monetary support to R.C. and that he was involved with her during the pregnancy. There is also evidence that he was present at the hospital when the child was born, but that he was absent on the day R.C. handed the child over to the agency.
 {¶ 12} L. H. contends that the Gs — the appellees — have a duty to support factual propositions that would justify a judgment in their favor with citations to evidence in the record. However, it is the appellant, not the appellee, who has the duty to demonstrate error on appeal and who must provide a record that exemplifies the claimed error.Tyrrell v. Investment Assoc, Inc. (1984), 16 Ohio App.3d 47, 50. "[A]n appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and *Page 5 
affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. We must indulge in this presumption even when the appellant provides us with a partial transcript, if we would need to review the complete transcript to resolve the assigned error, unless the party files an App. R. 9 alternative statement of the record on appeal. Columbus v.Hodge (1987), 37 Ohio App.3d 68, 69. In other words, the lack of a complete transcript is fatal to a claim that a judgment is against the manifest weight of the evidence. City of Dayton v. Caroline (Sept. 15, 2000), Montgomery App. No. 18080.
 {¶ 13} In this case, we have only a partial transcript of the hearing on the consent issue. The trial court noted in its decision that a portion of the hearing was not recorded due to a mechanical error. The judgment of the trial court recites that the parties were notified of the recorder malfunction but declined to request a new trial. It appears that a large portion of the testimony presented is missing from the record before us. The parties have failed to request relief from the trial court, under App. R. 9, or otherwise, to correct this deficiency in the record, and the parties have failed to present this court with any substitute for the missing portion of the transcript, as permitted by App. R. 9.
 {¶ 14} This record sets forth the testimony of L. H. and R. C, both of whom testified that L. H. provided her with a coat and shoes. Additionally, L. H. testified that he gave R.C. some money during her pregnancy. However, we must presume that the trial court, upon hearing all the evidence presented to it, chose to credit testimony that is not before us over that of L. H. and R.C. The trial court stated that it specifically found that R.C.'s testimony lacked credibility. We must also presume that testimony to support the judgment of the trial court, missing from the record, is credible, clear and convincing. *Page 6 
 {¶ 15} We conclude that L. H. has failed to demonstrate on this record that the judgment of the trial court is against the manifest weight of the evidence. Accordingly, his sole assignment of error is overruled.
 III {¶ 16} Appellant's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1