[Cite as *In re Adoption of C.S.*, 2026-Ohio-253.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF THE ADOPTION OF:   C.S. | Case No. 2025 AP 11 0041 |
| | <u>Opinion And Judgment Entry</u> |
| | Appeal from the Tuscarawas County Court of Common Pleas, Probate Division, Case No. 2025AD3566 |
| | Judgment:   Affirmed |
| | Date of Judgment Entry: January 27, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** H.Z, Pro Se, for Plaintiff-Appellee; MARK A. PERLAKY, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1}   The appellant, L.S., appeals the decision from the Tuscarawas County Court of Common Pleas, Probate Division, finding that her consent was not necessary for the adoption of her children, C.S. and C.S., ("the children") by the appellee, H.Z.

### STATEMENT OF FACTS AND THE CASE

{¶2}   On August 6, 2025, H.Z. filed a petition to adopt the children. L.S., the natural mother, objected. The natural father of the children, J.S., is H.Z.'s current husband.

{¶3}   The trial court held a hearing on October 28, 2025.

**{¶4}** At the hearing, the appellee testified that the children reside with her and J.S. J.S. travels for work approximately ninety percent of the time. The appellee is the children's primary caregiver while J.S. is traveling.

**{¶5}** The appellant has not seen the children since April of 2023. From October 11, 2022, until October of 2023 the appellant was permitted about two phone calls per week with the children. Of the total of seventy-eight permitted calls, the appellant made eleven. From November 5, 2022, until April 17, 2023, the appellant was permitted about two supervised visits per week for a total of forty-seven supervised visits. The appellant attended twelve visits, and she was late for three of the twelve she attended.

**{¶6}** The appellee also testified that the appellant has been in a recurring cycle of drug use, county jail, and rehabilitation for years. According to the appellee, the appellant states she will remain sober, then fails drug tests. The appellee testified the appellant's most recent relapse occurred the prior month, when appellant was caught stealing from a Dollar General store and arrested for possession of heroin and fentanyl. The appellee testified that the appellant was released from prison in August of 2024 and, by November of 2024, had failed a drug test for methamphetamine and amphetamine. The appellee further testified the last holiday the appellant spent with the children was Christmas 2021, and the appellant has not spent a birthday with the children in four years.

**{¶7}** The appellee testified that the children are thriving in her care. The older child is excelling academically, and the younger recently started preschool. The appellee testified that the younger child has lived with the appellee his whole life. J.S. brought him home from the hospital after birth. The appellant had left the hospital in active labor to

use drugs, returned to give birth, and then entered a program. Both children call the appellee "mom."

**{¶8}** Next, B.S., the appellant's grandmother, testified she has helped the appellant throughout her life. Over the year preceding the petition, she witnessed the appellant reach out with phone calls. B.S. tried to help with the appellant's child support when the appellant was in jail. B.S. sometimes has the children stay with her for a week and helps by taking them to swim lessons or gymnastics.

**{¶9}** The appellant then testified that she made every phone call except one and recorded the calls. Unfortunately, her grandmother deleted the recordings from her computer. The appellant also claimed her number was blocked from calling the children.

**{¶10}** After the appellant testified the trial court found that appellant's consent to adoption was not required as she is a parent who has failed, without justifiable cause, to have more than de minimis contact with the minor children for a period of one year immediately preceding the filing of the adoption petition. No additional testimony was presented in the best interests of the children.

**{¶11}** Ultimately, the trial court found that consents have either been filed or were not required; the allegations in the petition were true; the minor children have been lawfully placed in the home with petitioner for at least six months; the assessor's report was filed and approved; and adoption is in the best interest of the children.

**{¶12}** The appellant filed a timely notice of appeal and herein raises the following two assignments of error:

**{¶13}** "I. THE TRIAL COURT'S DECISION GRANTING ADOPTION OF THE MINOR CHILDREN WAS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE."

**{¶14}** "II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN THE ADOPTION PROCEEDINGS."

## I.

**{¶15}** In her first assignment of error, the appellant argues the trial court's findings that the appellant's contact was de minimis and that the appellant failed to communicate without justifiable cause is against the manifest weight and sufficiency of the evidence. We disagree.

## STANDARD OF REVIEW

**{¶16}** An appellate court will not disturb a trial court's decision on adoption unless it is against the manifest weight of the evidence. *In re Adoption of B.T.R.*, 2020-Ohio-2685, ¶22 (5th Dist.).

**{¶17}** The role of the appellate court in making a determination pursuant to a manifest weight standard of review is to "examine the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *In re Adoption of A.L.D.*, 2023-Ohio-1201, ¶24 (5th Dist.). "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *State v. Butler*, 2024-ohio-4651, ¶75 (5th Dist.).

## ANALYSIS

{¶18} The right of a natural parent to the care and custody of his or her children is one of the most fundamental in law. This fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished. *Santosky v. Kramer* (1982), 455 U.S. 745, 753-754, 102 S.Ct. 1388, 71 L.Ed.2d 599. Adoption terminates those fundamental rights. R.C. 3107.15(A)(1). Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children. *In re: Adoption of Schoeppner* (1976), 46 Ohio St.2d 21, 345 N.E.2d 608.

{¶19} R.C. 3107.07(A) provides:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶20} Clear and convincing evidence is more than a preponderance of the evidence but does not rise to the level of beyond a reasonable doubt as required by criminal cases. *Cross v. Ledford* (1954), 161 Ohio St.469. It must produce in the mind of

the trier of fact a firm belief or conviction as to the allegations sought to be established. *Id.*

{¶21} At trial, evidence showed that the appellant has been in and out of jail due to a drug addiction. The appellant consumed drugs while pregnant with both of the children. Her latest failed drug test was around a month before the adoption proceedings. The appellant's phone contact has been minimal and the appellant has not visited with the children in the prior year. The appellant was released from prison in August of 2024 and filed a motion for visitation; however, she failed to appear for the evidentiary hearing. By November of 2024, the appellant was caught stealing from a Dollar General and arrested for possession of heroin and fentanyl. The appellant has not spent holidays or the children's birthdays with them in four years. Since receiving court ordered phone calls with the children in September of 2024, the appellant has only had three phone calls with them.

{¶22} The appellant disputes the appellees testimony. The appellant testified she only missed one phone call and alleges that both the appellee and J.S. have blocked her number. The appellant argues she continuously attempted to have more than de minimis contact with the children, but was justifiably prevented from doing so. However, the trial court, as the trier of fact, determines the weight and credibility of the evidence. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio st.3d 77. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board* (1993), 1993-Ohio-122.

{¶23} Upon review of the entire record, and keeping in mind our standard of review, we find the trial court's determination that the appellant's consent to the adoption

was unnecessary and was not against the sufficiency or manifest weight of the evidence. The trial court did not clearly lose its way and create such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

{¶24} The appellant's first assignment of error is overruled.

## II.

{¶25} In her second assignment of error, the appellant argues she did not receive effective assistance of counsel. We disagree.

## STANDARD OF REVIEW

{¶26} The standard of review for ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and was discussed by this court in *Mansfield v. Studer*, 2012-Ohio-4840 (5th Dist.):

> A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, [113 S.Ct. 838]; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶27} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both prongs of *Strickland* and *Bradley. Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009).

**{¶28}** To show deficient performance, the appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland* at 668. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland* at 687. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial process. *Strickland* at 688.

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.*

In light of the "variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a

criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064.

*Studer, supra*, at ¶¶58-61. Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45 (1980).

**{¶29}** To demonstrate prejudicial ineffective assistance of counsel, the appellant must show a "reasonable probability that but for counsel's errors, the result of the trial would have been different." *Strickland* at 687-688. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

**{¶30}** Thus, in order to prevail on an ineffective assistance of counsel argument, the appellant must show both: 1) that her trial counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of an essential duty to the appellant; and, 2) that the appellant was prejudiced by such the alleged ineffectiveness.

### ANALYSIS

**{¶31}** In the case sub judice, the appellant argues that counsel did not adequately cross-examine the appellee regarding evidence the appellee stated she had; that no physical evidence was admitted to support the appellant's testimony; that counsel's questioning was confusing about the appellee's timeline; and that she failed to provide evidence or testimony regarding the best interest of the children.

{¶32}  The appellant fails to show how further cross-examination of the appellee's purported evidence would have benefitted the appellant. If the evidence exists, it would likely have bolstered the appellee's testimony to the appellant's detriment. Further, the appellant identifies no evidence supporting her testimony that was available but not presented and that was not already considered by the trial court. As such, this Court is unaware of any additional evidence supporting the appellant's testimony regarding communications with the appellee was omitted.

{¶33}  Next, although the trial court noted that the timeline was confusing, the trial court correctly identified that the de minimis contact analysis focuses on the one-year period immediately preceding the filing of the adoption petition. Finally, the appellant failed to cite to anything in the record or explain what evidence could have been presented to establish that denying the adoption petition would be in the children's best interest.

{¶34}  Additionally, beyond the conclusory assertion that counsel's actions "result[ed] in clear prejudice," the appellant does not explain how she was prejudiced. No evidence was ever proffered, or even argued in the brief. Accordingly, the appellant has failed to satisfy either prong of the *Strickland* test. The appellant has not shown that her trial counsel's performance fell below an objective standard of reasonable representation, nor has she shown resulting prejudice.

{¶35}  The appellant's second assignment of error is overruled.

## CONCLUSION

{¶36} Based upon the foregoing, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Probate Division, is affirmed.

{¶37} Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.